STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Jeffrey Jacobs   }
  }
  }   Docket No. 197-9-00 Vtec
  }
  }

Decision and Order on Appellant's Motion for Summary Judgment

Appellant Jeffrey Jacobs appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Montpelier upholding the Zoning Administrator's issuance of a Notice of Violation. Appellant is represented by Matthew Colburn, Esq.; the City is represented by Joseph S. McLean, Esq.; Interested persons Gary Salter, Martha Mallery, and Lynn Bingham have appeared and represent themselves.

Appellant has moved for summary judgment on the sole question in his Statement of Questions: whether Appellant is required to obtain any type of zoning permit or approval for the removal of rock and its replacement with topsoil. The following facts are undisputed unless otherwise noted.

Appellant owns property known as 96-98 Barre Street in the City's High Density Residential zoning district. The property contains two structures: a main house used as a multi-unit apartment building, and a small cottage used as a detached apartment unit located to the rear of the main house. A large outcropping of ledge or rock or a very large boulder occupies the area directly adjacent to the cottage. In the summer of 2000, Appellant initiated activity to remove this rock from this property, down to or below the surface of the surrounding land, with the intention of placing topsoil over the area after removal of the rock. Appellant had not sought or obtained any permit from the City for the work. On June 20, 2000, the Zoning Administrator conducted a site inspection, at which time he requested that the contractor cease work at the site. The Zoning Administrator issued a Notice of Violation on the same date, stating that a permit is required under § 302(A) of the Zoning Regulations. The ZBA upheld the Notice of Violation and Appellant brought the present appeal.

Appellant describes the rock proposed for removal as a large stone or boulder projecting above the ground. Appellant proposes to remove it by breaking it into small pieces with a jack hammer or by mini-blast charges. Appellant does not dispute the City's geotechnical engineer's affidavit describing the rock protrusion as either bedrock or a very large boulder, matching the description for the "Waits River Limestone" geological formation mapped in the Montpelier area on the Centennial Geologic Map of Vermont, dated 1961. Material in the southeast corner of the rock appears to be limestone and matches rock in the basement of the adjoining property on the west. The volume of the exposed portion of the rock is approximately 60 cubic yards, with each foot of excavation depth below the surrounding existing grade amounting to approximately 15 cubic yards in additional volume of material. Appellant does not dispute that, based on the results of the removal efforts in the summer of 2000, the rock probably is too hard to remove by

conventional machine excavation and would require additional blasting, hoe-ramming, and/or the use of expansive grouts. Appellant does not dispute that removal of the rock at this site requires significant precautions to reduce the potential for adverse impacts on nearby structures and properties, such as flyrock from blasting; broken windows due to air blast pressure; damage to foundations, walls, and building structures due to vibrations; and damage to nearby buried pipes. Appellant does not dispute that the rock removal and the subsequent fill could affect drainage on and from the property.

The Notice of Violation at issue in the present appeal stated that the rock removal was a " material change in the use of land" which required a permit[1] under § 302(A) of the Zoning Regulations. The Notice of Violation required Appellant to cease all excavation and ledge removal activity and to restore the site to its original condition.

Appellant argues that the proposed rock removal did not qualify as ' land development' requiring a permit under 24 V.S.A. § 4303(3) or its equivalent in the Zoning Regulations, §§ 203 and 1604(B). The City argues that it does qualify as land development, because it is " excavation" as that term is used in 24 V.S.A. § 4303(3) and § 203 of the Zoning Regulations. We first determine whether the rock removal required a permit under the Zoning Regulations, but note that the present appeal is from a specific Notice of Violation that asserted it required a permit under § 302(A), without discussing §§ 203 or 1604(B). Thus, to determine whether to uphold the Notice of Violation, it will be necessary to determine whether a permit was required under the cited section.

Section 1604(B) of the Zoning Regulations provides that " no land development may be commenced within the City of Montpelier without a permit issued by the Zoning Administrator," and requires generally that " [s]uch permits shall be issued as provided in 24 V.S.A. § 4443 and the provisions of this Ordinance." Land development is defined both in the Zoning Regulations (§ 203: " Development" ) and in the state enabling statute (24 V.S.A. § 4303(3)) as including the subdivision of land (not applicable in the present case) or

the construction, reconstruction, conversion, structural alteration, relocation, or enlargement

of any building or other structure,

or

**of** any mining, excavation or landfill,

as well as including " any change in the use of any building or other structure, or land, or extension of the use of land." In their arguments, both parties have ignored the word " of," emphasized in bold and underlined type in the diagrammed section above.

When § 203 is read to give effect to each word, it is apparent that a permit is required for three major categories of activities. The first of these categories: the subdivision of land, is not applicable to the present case and will not be further discussed. In the second of these categories, the list of activities: " construction, reconstruction, conversion, structural alteration, relocation, or

enlargement" is applied to two distinct types of land uses. On the one hand, the listed activities are applied to buildings and other structures; this sub-category also is not applicable to the present case and will not be further discussed. On the other hand, the listed activities are applied to " any mining, excavation or landfill." Thus, when the inapplicable words and sections are eliminated for the purposes of clarity in this discussion, the second category covered by § 203 may be read as " the construction, reconstruction, . . . relocation, or enlargement of any . . . excavation." Similarly, when the inapplicable words are eliminated from the third category covered by § 203, for the purposes of clarity in this discussion, it may be read as " any change in the use of any . . . land, or [any] extension of the use of land."

Under § 302(A), the section referenced in the Notice of Violation on appeal in the present case, a zoning permit is required for

[the] [c]onstruction, reconstruction, installation or substantial alteration of any structure;

[or]

a material change in the use of any structure or land;

or

a change in the intensity of use of any structure or land.


The present case does not involve any structures. Therefore, under § 302(A) we must examine whether the removal of the rock qualifies as " a material change in the use of any . . . land" or whether it qualifies as " a change in the intensity of use of any . . . land."

Reading the Zoning Regulations as a whole, the proposed rock removal required a zoning permit if it satisfied any of the following four criteria:

" the construction, reconstruction, . . . relocation, or enlargement of any . . . excavation" (§ § 203 and 1604(B)); or

" any change in the use of any . . . land, or [any] extension of the use of land." (§ § 203 and 1604(B)); or

" a material change in the use of any . . . land" (302(A)); or

" a change in the intensity of use of any . . . land" (302(A)).

We conclude that the rock removal proposed by Appellant required a permit under § § 203 and 1604(B) both because it was the construction or enlargement of an excavation, and also because it was a change in the use of land. More importantly, as this is an appeal of a Notice of Violation alleging a violation of § 302(A), the rock removal proposed by Appellant required a permit under § 302(A) because it was a material change in the use of that particular land.

Under § 507(A), " all development involving non-residential and multi-family uses" requires site plan approval. Because the rock removal involves a multi-family use, § 507(A) requires site plan approval as well as a zoning permit.

We also note that § 1517 also specifically applies to excavation and filling activities, specifically including any type of rock removal. This section only applies once the rock removal is otherwise permitted. It requires that the work be done under the supervision of the Director of Public Works (other than ' normal soil removal for basement or foundation work' which has received a building permit). The landowner must submit a topographic plan to the Director of Public Works to arrange for the required ' supervision.'

Appellant argues that the rock removal in this case cannot be distinguished from the minimal earth moving involved in residential household gardening, such as digging with a shovel or pulling a rock out of a lawn or garden, citing In re Scheiber, 168 Vt. 534 (1998). However, all that the Scheiber case holds is that the court had discretion to conclude that the landowners did not need a zoning permit to maintain a household shooting range on their property. Essentially, in Scheiber, the ZBA and the court had concluded that the household shooting range was within the legitimate household use of the property, not a material change to the residential use of the property. In the present case the excavation or removal of the rock is a material change to the use of the land.

Appellant also argues that the only excavation regulated by the Zoning Regulations is that for which the excavation is itself the intended ultimate land use, such as a gravel pit or rock quarry, or that for which the excavation is incidental to the construction of a structure such as a house foundation. However, we must apply the Zoning Regulations as written, and they are not this narrow. As well as addressing excavation in § 203, they cover material changes to the use of land (§ 302(A)), as well as " the use of land for the . . . removal . . . of any type of . . . rock. § 1517.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant' s Motion for Summary Judgment is DENIED and summary judgment is GRANTED in favor of the City on the sole question in the Statement of Questions, that a zoning permit and site plan approval are required for the proposed rock removal. It appears to the Court that this ruling concludes the appeal, as it has disposed of the sole question in the Statement of Questions. Any party believing otherwise should advise the Court as soon as possible, in which case an in-person conference (due to the number of parties) will be set to be held at the courthouse in Barre on July 6, 2001.

Done at Barre, Vermont, this 7th day of June, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**

1. We note that, although the Notice of Violation stated that the activity required a zoning permit, it did not explicitly state that Appellant could come into compliance by applying for or obtaining a permit for the rock removal.